**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:15-CR-17-TLS |
| | ) | |
| GLORIA BERNDT | ) | |

**OPINION AND ORDER**

The Defendant, Gloria Berndt, pled guilty to making a false statement against the United States, in violation of 26 U.S.C. § 7206(1). An officer with the United States Probation Office prepared a Presentence Investigation Report (PSR) prior to the Defendant's sentencing. According to the PSR, under the United States Sentencing Guidelines, the Defendant's total offense level is 15, and her criminal history category is I, resulting in a guideline calculation of 18–24 months of imprisonment. Because the instant offense is a Class E felony, the Defendant is statutorily eligible for a sentence of probation of not less than one nor more than five years. *See* 18 U.S.C. § 3561(c)(1). Under the Guidelines, however, the Defendant is ineligible for probation—absent the granting of a variance—because the applicable guideline range is in Zone D.

On July 27, 2015, the Defendant filed a Sentencing Memorandum [ECF No. 19], requesting a downward variance of four levels, which would result in a total offense level of 11 and a guideline range of 8–14 months of imprisonment. On August 4, 2015, the Government filed a response [ECF No. 20], in which the Government did not object to the Defendant's request. For the reasons stated in this Opinion and Order, the Court will grant the Defendant's request for a downward variance.

**ANALYSIS**

When sentencing a defendant, the district court "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a)." *Nelson v. United States*, 555 U.S. 350, 351 (2009); *see United States v. Panice*, 598 F.3d 426, 441 (7th Cir. 2010) (citing *Nelson*, and setting forth the two-step process that a sentencing court must engage in to determine a defendant's sentence). When calculating the guideline range, "[a] district court may rely on facts asserted in the PSR if the PSR is based on sufficiently reliable information." *United States v. Rollins*, 544 F.3d 820, 838 (7th Cir. 2008). "The defendant bears the burden of proving that the PSR is inaccurate or unreliable," and if he offers no evidence to question the PSR's accuracy, the Court may rely on it. *Id.*

Here, neither party contests the guideline calculations pursuant to the PSR. The Guidelines assign 16 levels as the base offense level for the Defendant's offense. U.S.S.G. § 2T1.1(a)(1). The probation officer added 2 levels because the Defendant failed to report or to correctly identify the source of income exceeding $10,000 in any year from criminal activity, § 2T1.1(b)(1), resulting in an adjusted offense level of 18. The adjusted offense level was lowered by 3 levels for acceptance of responsibility and for assisting authorities in the investigation or prosecution of the Defendant's own misconduct, § 3E1.1(a–b), resulting in a total offense level of 15. Combining this offense level with the Defendant's criminal history category of I results in a guideline range of 18–24 months of imprisonment.

**A.** **§ 3553(a) Factors**

In imposing a sentence, § 3553(a) requires a court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, and impose a sentence that is sufficient, but not greater than necessary, to satisfy the purposes of sentencing: adequately capturing the seriousness of the offense, providing just punishment, promoting respect for the law, affording adequate deterrence, protecting the public, and rehabilitating the defendant. In making this determination, a district court may not presume that the Guidelines sentence is the correct one. *Nelson*, 555 U.S. at 352; *Rita v. United States*, 551 U.S. 338, 351 (2007). Ultimately, a district court must make an independent determination, taking into account the types of sentences available, the other relevant § 3553(a) factors, and the arguments of the parties. *See Gall v. United States*, 552 U.S. 38, 49–50 (2007).

In her Sentencing Memorandum, the Defendant requests a four-level variance due, in part, to the Defendant's age, personal history, and lack of any prior criminal activity. Upon consideration of the above § 3553(a) factors, the Court finds that the Defendant's request for a four-level downward variance is well-taken. Given the history and characteristics of the Defendant, coupled with the Defendant's lack of a criminal history prior to the instant, non-violent offense, the Court finds that a guideline range of 8–14 months of imprisonment is sufficient, but not greater than necessary, to satisfy the purposes of sentencing. This determination is based on the evidence in the record thus far. The Court has not yet heard from the Defendant, and she may wish to make a statement on her own behalf in mitigation of punishment. Indeed, she is entitled to make such a statement, as is the Government. *See* Fed. R. Crim. P. 32(i)(4)(A)(ii–iii). Therefore, the Court reserves a determination of the appropriate term

of imprisonment until after the Defendant and the Government have had an opportunity to address the Court.

**CONCLUSION**

For the reasons stated above, the Court GRANTS the Defendant's request for a four-level variance, but WITHHOLDS determining the sentence to impose until the time of the sentencing hearing and after providing the Defendant and the Government an opportunity to address the Court. The sentencing hearing scheduled for September 2, 2015, at 1:30 PM, is CONFIRMED.

SO ORDERED on August 18, 2015.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT